IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAVIER MAYSONET** | : | CIVIL ACTION |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | NO. 07-cv-4116 |

## **MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified in relevant part as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, or by federal law, or by a treaty entered into by the United States, have been violated.

Petitioner filed a petition in the United States District Court for the Western District of Pennsylvania seeking habeas corpus relief pursuant to 28 U.S.C. §2254 on June 19, 2007. The case was transferred to this court and properly opened by the Clerk of this Court as a §2254 habeas on October 1, 2007, labeled 07-cv-4116. Together with his habeas corpus petition, petitioner also submitted a statement to this court in 07-cv-4116, in which he claims that he is in the process of exhausting his state court remedies before the Courts of the state of Pennsylvania, pursuant to that state's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§9541 et seq.[1]  Petitioner requests

---

[1] A state prisoner must present all of his claims to the highest appellate court of that state before a federal district court may consider them as part of a 28 U.S.C. §2254 habeas; this is referred to as the need to "exhaust" state remedies. <u>Slack v. McDaniel</u>,

that consideration of that habeas corpus petition be held in abeyance until some time in the future.

Normally, 28 U.S.C. §2244(d)(2) protects a prisoner from the risk of having his AEDPA statute of limitations period lapse during the pendency of a "properly filed" state petition; accordingly, dismissal without prejudice is typically the proper course of action in such situations.[2]  However, if the state court finds that the state petition is untimely, then that state petition is not considered to be "properly filed" for purposes of 28 U.S.C. §2244(d)(2).[3]  The possibility of the petitioner being confused in such a situation would justify **_a stay_** of this court's consideration of his petition (and **_not a dismissal without prejudice_**), provided that:[4]

  I.   The petitioner had good cause[5] for his failure to exhaust; **and**,
  II.  The unexhausted claims are potentially meritorious; **and**,
  III. There is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

This court understands the difficult position that AEDPA's strict and short statute of limitations has created for petitioner.  Accordingly, this                    Day of

---

529 U.S. 473 (2000).  Accord, O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

[2]Harris v. Beard, 393 F.Supp. 2d 335 (E.D. Pa. 2005).

[3]Pace v. DiGuglielmo, 544 U.S. 408 (2005); Satterfield v. Johnson, 434 F.3d 185 (3rd Cir. 2006).

[4]Rhines v. Weber, 544 U.S. 269 (2005); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004); Harris v. Beard, 393 F.Supp. 335 (E.D. Pa. 2005).

[5]   A petitioner's confusion about whether a state filing would be timely will ordinarily constitute "good cause" for a petitioner to file in federal court and request an abeyance.  Rhines v. Weber, 544 U.S. 269 (2005); Pace v. DiGuglielmo, 544 U.S. 408 (2005).

October, 2007, it is hereby **ORDERED** as follows.

1. Petitioner is granted ***provisional*** leave to proceed *in forma pauperis* in 07-cv-4116 for the purposes of this Order only.

2. 07-cv-4116 is **STAYED** pending ***either:***
   A. disposition by the courts of the state of Pennsylvania of petitioner's attempts to exhaust his state court remedies; ***or,***
   B. further notice by this court.

3. The Clerk of this Court shall place 07-cv-4116 in civil suspense and mark it **CLOSED** for statistical purposes only.

4. Petitioner is placed on formal notice that in the event of a negative final decision of the Supreme Court of Pennsylvania with regard to his petition filed in Pennsylvania state court pursuant to 42 Pa.C.S. §§9541 et seq., that if he wishes that the arguments made in 07-cv-4116 be considered by this court on the merits, that he shall so notify this Court in writing ***within thirty (30) days*** of that negative final decision of the Supreme Court of Pennsylvania, and that if petitioner does so notify this court ***within thirty (30) days*** of that negative final decision of the Supreme Court of Pennsylvania, that the stay imposed by this Order in 07-cv-4116 shall be **LIFTED** by this court, with October 1, 2007 being considered as the date on which 07-cv-4116 was filed for purposes of the statute of limitations of 28 U.S.C. §2244(d).

           **s/ LEGROME D. DAVIS**
           **LEGROME D. DAVIS, U.S. District Judge**